UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10066-RGS

ACUSHNET COMPANY

v.

ITEM NEW PRODUCT DEVELOPMENT, LTD.
And STEPHEN LANE

ORDER ON MOTION TO DISMISS
AND MOTION TO STRIKE

March 11, 2011

STEARNS, D.J.

The motion to strike is <u>DENIED</u>. The language objected to is pretty standard stuff if at times a bit colorful. I do not consider the term "extortion" when used in the Chapter 93A context to amount to an accusation of criminality, although it is a word that should not be used casually in a pleading.

The motion to dismiss is also <u>DENIED</u>. The arguments raised by defendants may have some heft, but not on a motion to dismiss. This is particularly true of the numerous claims of a statute of limitation bar. Under Massachusetts law, "[f]actual disputes concerning the date on which the plaintiff knew or should have known of his cause(s) of action are resolved by a jury." *Wolinetz v. Berkshire Life Ins. Co.*, 361 F.3d 44, 48 (1st Cir. 2004). A motion to dismiss may only be granted "when the

pleader's allegations leave no doubt that an asserted claim is time-barred." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998). That is not the case here. I am also satisfied that the Complaint is pled with sufficient particularity to clear the hurdle erected by Fed. R. Civ. P. 9(b). The issue of whether there is a solid basis for the claim of a breach of fiduciary duty may present a closer question, but again, it is not one that can be answered without a factual anchor. The parties are <u>ORDERED</u> to file a proposed joint scheduling order within fourteen (14) days of the date of this Order so that discovery can commence without further delay.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE